JS-6

1
2
3
4
5
6
7
8

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY FRANKLIN,<br><br>              Plaintiff,<br><br>         v.<br><br>R. AGUIRRE,<br><br>              Defendant. | Case No. CV 22-5479 CBM (MRW)<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE** |

The Court dismisses this action with prejudice as untimely.

\* \* \*

1.	This is a <u>pro se</u> prisoner civil rights action.  Plaintiff is an inmate at the state prison in Lancaster.  Over the years, he has attempted to litigate numerous federal civil actions against the staff of the Lancaster prison and a local Los Angeles jail.[1]

---

[1]	The present action is the third of three cases that Plaintiff commenced in August 2022.  <u>See also</u> Nos. CV 22-5478 and 22-5837 CBM (MRW) (C.D. Cal.).  The Court previously dismissed the other two actions on procedural grounds.

1    2.    The complaint in this action alleges that a Lancaster prison

2    guard gave Plaintiff a detrimental housing assignment and a disciplinary

3    charge in retaliation for Plaintiff's refusal to withdraw a grievance against

4    the guard.  Plaintiff contends that the guard's conduct violated Plaintiff's

5    civil rights in violation of 42 U.S.C. § 1983.  By this lawsuit, Plaintiff seeks

6    damages of $300,000 in pain and suffering.  (Docket # 1.)

7    3.    Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, Magistrate

8    Judge Wilner screened the original complaint in this action.  (Docket # 8.)

9    Judge Wilner concluded that Plaintiff stated a plausible cause of action of

10   illegally retaliation under the First Amendment against the named guard.

11   Judge Wilner authorized the service of the complaint on Defendant

12   Aguirre.  (Docket # 9.)

13   4.    The California Attorney General appeared in the action on

14   behalf of the guard. (Docket # 14.)  The Attorney General moved to dismiss

15   the action as untimely.  (Docket # 17.)  The gist of the defense's argument

16   is that the events underlying Plaintiff's civil complaint occurred in January

17   2018.  However, Plaintiff did not mail his complaint for filing in this

18   district until July 2022.  The Attorney General contends that the civil

19   action is untimely under the relevant two-year statute of limitations.

20   Further, Plaintiff is not entitled to tolling of the limitations period

21   (whether by operation of state law or equitable principles) sufficient to

22   make the action timely.  (Docket # 17, 24.)

23   5.    Plaintiff opposed the motion.  (Docket # 22.)  His opposition

24   centers on the existence of other lawsuits (Nos. CV 19-6255, 21-91, and 21-

25   3551 CBM (KK) (C.D. Cal.) that he filed against Defendant Aguirre.

26   Plaintiff voluntarily dismissed those actions.  Plaintiff appears to claim

27

28

1    that the filing and dismissal of the earlier cases makes the current action

2    timely.

3                                    * * *

4         6.      Federal civil rights claims are subject to the forum state's

5    statute of limitations for personal injury torts.  Wilson v. Garcia, 471 U.S.

6    261, 279-80 (1985); Marks v. Parra, 785 F.3d 1419 (9th Cir.

7    1986); Canatella v. Van de Kamp, 486 F.3d 1128, 1132 (9th Cir.

8    2007).  According to California Code of Civil Procedure § 335.1, the

9    limitations period for such an action is two years.  Maldonado v. Harris,

10   370 F.3d 945, 954-55 (9th Cir. 2004); Jackson v. Barnes, 749 F.3d 755, 761

11   (9th Cir. 2014) ("the applicable statute of limitations under California law

12   is two years" for Section 1983 claim).

13        7.      State law further extends the statute of limitations for an

14   additional period of up to two years for time spent "imprisoned on a

15   criminal charge, or in execution under the sentence of a criminal

16   court."  Cal. C. Civ. Pro. § 352.1.

17        8.      However, the statute carves out an exception to the two-year

18   extension.  A prisoner is entitled to the additional tolling of the limitations

19   period only if she or he has been sentenced "for a term less than for life."

20   Id.; Brownlee v. Burnes, 2023 WL 4306249 at *1 (E.D. Cal. 2023) (same).

21   The Ninth Circuit agrees with state appellate courts that prisoners

22   "sentenced to life without possibility of parole should be excluded from the

23   tolling provision" under Section 352.1.  Brown v. County of Los Angeles,

24   830 F. App'x 231, 232 (9th Cir. 2020) (collecting cases).

25                                   * * *

26        9.      In the present action, Plaintiff filed this civil action in 2022.

27   That's more than four years after the underlying events occurred in 2018.

28

1  It is undisputed that he is currently serving a prison term of life without

2  parole.  (Docket # 17-2 at 2 (affidavit from CDCR).)  As a result, the statute

3  of limitations for Plaintiff's claim expired in 2020.  Plaintiff is not entitled

4  to a further extension of that period under state law.  Cal. C. Civ. P. 352.1.

5       10.   In response, Plaintiff argues that his previous – but abandoned

6  – federal actions against the Lancaster prison guards somehow entitle him

7  to tolling the operation of the statute of limitations.  However, ample

8  authority supports the proposition that the voluntary dismissal of an

9  earlier lawsuit "is not an event to which equitable tolling applies."  Johnson

10 v. Riverside Healthcare System, 534 F.3d 1116, 1129 (9th Cir. 2008)

11 (collecting cases); Estate of Stern v. Tuscan Retreat, Inc., 725 F. App'x 518,

12 524 (9th Cir. 2018) (same; "Ms. Stern's state suit was voluntarily

13 dismissed, and therefore the limitations periods continued to run.").

14      11.   Plaintiff's subjective belief that the dismissal of his earlier

15 actions several years ago would allow him to refile this case is irrelevant to

16 the Court's analysis.  (Docket # 22 at 9.)  Plaintiff's remaining contentions

17 to avoid dismissal (his access to law libraries, the adequacy of this Court's

18 notice of dismissal, his pro se status, etc.) are unavailing and cannot save

19 this untimely action.

20                              * * *

21      12.   A pro se litigant is ordinarily entitled to amend a defective

22 complaint in an effort to state a proper claim for relief.  Lopez v. Smith, 203

23 F.3d 1122 (9th Cir. 2000).  However, this rule does not apply when "the

24 basic facts are alleged and have been analyzed" from a litigant's pleadings

25 and it is apparent that that Plaintiff "cannot cure the flaws" in his claims.

26 Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002).

27

28

13.     Plaintiff's 2022 lawsuit is patently time-barred.  He cannot plausibly "cure the flaws" of his untimely claim against Defendant Aguirre. Dismissal without leave to amend is appropriate.  <u>Lipton</u>, 284 F.3d at 1039.

14.     Therefore, the present action is hereby DISMISSED with prejudice.

IT IS SO ORDERED

Dated: JULY 12, 2023

_____
HON. CONSUELO B. MARSHALL
SENIOR U.S. DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE